## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIANNA KOTCHMAR** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 15-4061** |
| | : | |
| **MOVIE TAVERN PARTNERS, LP et al** | : | |

### ORDER

**AND NOW**, this 4th day of March 2016, following the February 19, 2016 hearing on Plaintiff's unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, Certification of Settlement Class, Appointment of Class Counsel, Approval of Proposed Class Notice, and Scheduling of a Final Approval Hearing ("Plaintiff's Motion") (ECF Doc. Nos. 25, 26, 27), Plaintiff's Supplemental Memorandum and Supplemental Declaration (ECF Doc. Nos. 32, 33), and Notice of Filing Corrected Exhibits (ECF Doc. No. 36), it is **ORDERED** Plaintiff's Motion for Preliminary Approval (ECF Doc. No. 25) is **GRANTED**:

1.      Tianna Kotchmar ("Plaintiff"), individually and on behalf of a class she seeks to represent, asserts claims against Defendants Movie Tavern, Inc. and Southern Theatres, LLC (together "Movie Tavern" or "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 *et seq*.

2.      Plaintiff and Defendants agree to a Revised Joint Stipulation of Settlement and Release Agreement resolving claims in this action on behalf of certain individuals who worked for Defendants in the Commonwealth of Pennsylvania ("Settlement Agreement") (ECF Doc. No. 33-1).

3.      Supplemental jurisdiction exists over the state law claims asserted by Plaintiff and the Class Members in Plaintiff's Class and Collective Action Complaint ("Complaint") under 28 U.S.C. §1367(a)  because the state law claims are factually so closely related to the FLSA claims of the Plaintiff and there is such a substantial overlap in the identity of the FLSA putative Plaintiffs and putative members of the state law class, they form part of the same case or controversy under Article III of the United States Constitution. All federal and state claims derive from a common nucleus of operative facts and would ordinarily be tried in one judicial proceeding. Moreover, considerations of judicial economy, convenience, and fairness to litigants weigh in favor of addressing the state law claims in the same proceeding as the federal law claims.

4.      **Preliminary Approval of Settlement:** We preliminarily approve the Settlement Agreement as being fair, reasonable and adequate, and in the best interest of Plaintiff and putative members of the Settlement Class, defined below.[1] We further find a settlement of the Class Members' claims under the Class and Collective Action Complaint and the Settlement Agreement is the most expeditious, efficient, and fair means of resolving such claims. This Order shall govern to the extent any terms in the Settlement Agreement differ from obligations imposed by this Order.

5.      **Class Findings**: The Court preliminarily finds, for settlement purposes only, the parties satisfied prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b):

a.      the Settlement Class is approximately 1,000 individuals and is so numerous that joinder would be impracticable;

---

[1] For purposes of this Order, the Court adopts all defined terms in the Settlement Agreement attached as Exhibit 1 to the Supplemental Declaration of Gerald D. Wells, III in Support of Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement (ECF Doc. No. 33-1).

b.      there are one or more questions of law or fact common to the Settlement Class; Plaintiff alleges that Defendants failed to properly pay Tipped Employees by failing to satisfy the notice requirements of the "tip credit" provisions in federal and state law. As such, Plaintiff alleges Tipped Employees were not paid the mandated minimum wage for each and every hour worked;

c.      Plaintiff's claims are typical of the claims of Class Members arising from Defendants' alleged "tip credit" notice and minimum wage violations described above;

d.      Plaintiff will fairly and adequately protect the interests of Class Members as (i) Plaintiff's counsel are qualified, experienced, and generally able to conduct this litigation; and (ii) Plaintiff's interests are not antagonistic to the interests of the Class Members;

e.      Prosecution of separate actions by individual Class Members would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in the case; and (ii) adjudications as to individual members of the Settlement Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those person's ability to protect their interests; and

f.      Common issues of law and fact predominate over any potential individual issues, as the predominant issue is whether Defendants paid Tipped Employees in accordance with applicable wage laws, and a class action is a superior mechanism to fairly and efficiently adjudicate this controversy.

6.      **Settlement Class Definition**: The Court hereby preliminarily certifies this action to proceed as a class action for purposes of settlement only under Fed.R.Civ.P. 23 on behalf of a

3

"Settlement Class" defined as: **Any current or former Tipped Employee employed by Defendants within the Commonwealth of Pennsylvania who worked one or more calendar weeks during the period of time between July 23, 2012 and December 31, 2015 for which he or she worked without having signed a Tip Credit Notification Form prior to that calendar week. Excluded from this Settlement Class are all persons who submit a timely and valid Request for Exclusion.**

7.      **Class Representative**: The Court finds Plaintiff Tianna Kotchmar an adequate and typical class representative, and the Court hereby appoints her as class representative for the Settlement Class.

8.      **Class Counsel**: Pursuant to Fed.R.Civ.P. 23(g), we appoint Kalikhman & Rayz, LLC and Connelly Wells & Gray, LLP as Class Counsel upon consideration of (i) the work Class Counsel has done in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this case; (iii) Class Counsel's knowledge of applicable wage laws, including the FLSA and PMWA and how those laws apply to the claims in this cases; and (iv) the resources Class Counsel has committed to representing Plaintiff in this case. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class.

9.      **Claims Administrator**:  The Court approves Angeion Group, 1801 Market St., Suite 660, Philadelphia, PA 19103 as the Claims Administrator to administer the Settlement Agreement as detailed therein.

10.     **Final Approval Hearing**:  A final approval hearing will be held on **June 24, 2016 at 8:30 a.m. in Courtroom 5-D** to determine whether: the Settlement Class should be

4

finally certified as a class action under Fed.R.Civ.P. 23(a) and (b); the terms and conditions provided in the Settlement Agreement are fair, reasonable, and adequate and should receive final approval by the Court; the Settlement Class and its representation by the Plaintiff and Class Counsel satisfy Fed.R.Civ.P. 23; Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses and a service award of no more than $5,000 for Ms. Kotchmar should be approved; and, any other issues necessary for approval.

11.     **Approved Notices to Settlement Class**: The Court approves the form of Notice of Pennsylvania Class and Collective Action Settlement ("Class Notice"), attached as Exhibit "A"; the Claim Form, Consent to Join and Release ("Claim Form"), attached as Exhibit "B"; the Request for Exclusion Form ("Exclusion Form"), attached as Exhibit "C"; and the Publication Notice, attached as Exhibit "D."

a.      The Claims Administrator is authorized and directed to issue the Notice Packet to Class Members by both first class mail and email under the Settlement Agreement;

b.      The Claims Administrator is directed to publish the Publication Notice (Exhibit "D") under the Settlement Agreement;

c.      The Claims Administrator is directed to establish and maintain a website at www.movietavernsettlement.com for Class Members where the following documents shall be posted: the Complaint; Defendants' Answer; the Settlement Agreement; a copy of the Class Notice; the Exclusion Form; all motions, memoranda and declarations filed in support of the Settlement, including any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and for a Service Payment for Plaintiff; this Order and all Orders; and, a list of frequently asked questions ("FAQs") with corresponding answers as mutually agreed by the parties; and

d.      Defendants shall post a copy of the Class Notice in a conspicuous location in the workplace area of their Theaters under the Settlement Agreement.

12.      **Motion in Support of Final Settlement Approval**: The Parties' Motions for Final Approval and Dismissal and application by Class Counsel for attorneys' fees, reimbursement of litigation expenses and a Service Payment to Ms. Kotchmar shall be filed no later than **May 25, 2016.** Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the website identified in the Class Notice. Until such time as the Court can make a final determination as to the propriety of the Settlement Agreement at the Final Approval Hearing, the Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

### *Class Members' Exclusion or Objections*

13.      Class Members shall be bound by all determinations and judgments in this action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as set forth in the Settlement Agreement.

### *Requests for Exclusions*

14.      Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any of the benefits described in the Settlement Agreement, Class Notice, and Claim Form.

15.      A Class Member may exclude him/her self from the Settlement Class by either (i) completing and returning the Exclusion Form (Exhibit "C"); or (ii) sending a letter by mail stating "I request to be excluded from the settlement in *Kotchmar v. Movie Tavern Partners, L.P. et al.*, Case No. 2:15-cv-04601 (E.D. Pa.) I affirm that I was employed by Defendants as a Tipped Employee on one or more days between July 23, 2012 and December 31, 2015."

6

16.     To be valid, an exclusion by either the Exclusion Form or letter must include the Class Member's full name, address and phone number, and be sent to the Claims Administrator postmarked on or before **May 31, 2016**.

17.     Any individual who excludes him/her self from the Settlement Class may not object to the Settlement Agreement, the Settlement Agreement receiving final approval by the Court, Class Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiff's request for a Service Payment.

### *Objections to Settlement*

18.     A Settlement Class member may only be heard or entitled to object to the approval of the terms and conditions of the Settlement Agreement, the final approval of the Settlement Agreement, Class Counsel's application for an award of attorneys' and payment of expenses, or Plaintiff's award of a Service Payment by timely submitting written objections and copies of any supporting papers and briefs ("Objection") upon the Claims Administrator at: **Angeion Group, 1801 Market St., Suite 660, Philadelphia, PA 19103** postmarked on or before **May 31, 2016**.

19.     Only Settlement Class Members shall have rights with respect to approval of or objection to the Settlement Agreement, the application by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses, and request for a Service Payment to Ms. Kotchmar.

20.     Any Class Member who has not requested exclusion from the Settlement Class may appear at the June 24, 2016 Final Approval Hearing to show cause as to his or her position on the Settlement Agreement and on the Court's reviewing the Settlement Agreement as fair, reasonable, and adequate; why the Settlement Agreement should not receive final approval by

7

the Court; why Class Counsel should not be awarded attorneys' fees and reimbursement of litigation expenses; or, why Ms. Kotchmar should not be awarded a Service Payment.

21.     Any Settlement Class member may enter an appearance in this action, at his or her own expense, individually or through counsel of his or her own choice.  Settlement Class members who do not enter an appearance will be represented by Plaintiff's Counsel.

22.     Any Settlement Class member who does not object in the manner prescribed above shall have waived such Objection and shall be forever foreclosed from making any Objection to the fairness, adequacy, or reasonableness of the Settlement Agreement or the Order and Final Judgment to be entered possibly approving the Settlement Agreement, Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, or Plaintiff's request for a Service Award.

23.     The parties shall file a response to any unresolved Objections, with the attached unresolved Objection, no later than **June 17, 2016**.

24.     **Stay pending Final Approval Hearing**: Pending final determination of whether the Settlement Agreement should be approved, all discovery and proceedings in this Court are stayed, except for proceedings expressly allowed by this Order.

### *Attorneys' Fees, Costs and Incentive Awards*

25.     At or after the June 24, 2016 Hearing on Final Approval, the Court will issue an Order on Class Counsel's motion for an award of attorneys' fees and reimbursement of reasonable expenses and for a Service Award to Ms. Kotchmar for her effort as representative of the Class Members.

26.     All reasonable costs incurred in identifying and notifying Class Members, as well as administering the Settlement Agreement and distributing payments under the Settlement

8

Agreement, shall be paid as set forth in the Settlement Agreement subject to the Court's final approval.

27.     Should the Court grant final approval and grant Class Counsel's Motion for attorneys' fees and reimbursement of expenses ("Fee Award"), then the Claims Administrator shall disburse the Fee Award in accordance with the Settlement Agreement.

28.     The administration of the Settlement Agreement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the Settlement Agreement are under this Court's authority.

KEARNEY, J.

# EXHIBIT "A"

# NOTICE OF PENNSYLVANIA CLASS AND COLLECTIVE ACTION SETTLEMENT

**YOU ARE NOT BEING SUED**

**A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**CASE NAME AND DOCKET NUMBER:**   **TIANNA KOTCHMAR V. MOVIE TAVERN PARTNERS, LP, ET AL.,
DOCKET NO.: 15-CV-04061**

**TO:**   **ALL EMPLOYEES OF ANY MOVIE TAVERN THEATER IN PENNSYLVANIA PAID ON A TIPPED BASIS AT ANY TIME BETWEEN JULY 23, 2012 AND DECEMBER 31, 2015 WHO WORKED AS A BARTENDER, SERVER, AND/OR FOOD RUNNER WHERE DEFENDANTS PAID SUCH INDIVIDUAL LESS THAN $7.25 PER HOUR**

**PLEASE READ THIS NOTICE CAREFULLY, AS IT MAY AFFECT YOUR LEGAL RIGHTS TO RECEIVE PAY RELATED TO AND/OR RESULTING FROM THE POLICIES AND/OR PRACTICES ARISING FROM YOUR EMPLOYMENT WITH MOVIE TAVERN.**

**IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT OF THIS CLASS ACTION AND RECEIVE MONEY, YOU MUST COMPLETE AND RETURN THE CLAIM FORM (THE GREEN FORM) AND RELEASE POSTMARKED ON OR BEFORE MAY 31, 2016.**

**IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, SUCH INFORMATION MUST BE PROVIDED TO THE CLAIMS ADMINISTRATOR AND POSTMARKED ON OR BEFORE MAY 31, 2016.**

**IF YOU DECIDE NOT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND RETURN THE "REQUEST FOR EXCLUSION FORM (THE RED FORM) TO THE CLAIMS ADMINISTRATOR. THE REQUEST FOR EXCLUSION MUST BE POSTMARKED ON OR BEFORE MAY 31, 2016, OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.**

| 1. | Why is this notice being sent? |
|----|----|

This notice is to inform you of a Class Action Settlement in the case *Kotchmar v. Movie Tavern Partners, LP, et al,* Case No. 15-cv-04061, pending in the United States District Court for the Eastern District of Pennsylvania ("Lawsuit"). All capitalized terms in this Class Notice are defined in the Settlement Agreement, which is available at www.movietavernsettlement.com along with other relevant documents. If terms are insufficiently identified, discussed or defined in this Notice or if any terms of this Notice conflict with the Settlement Agreement, the terms of the Settlement Agreement shall prevail.

The Plaintiff Tianna Kotchmar ("Plaintiff") in the Lawsuit filed suit against Movie Tavern Inc. ("Movie")(incorrectly identified in the Lawsuit as "Movie Tavern Partners, LP") and Southern Theaters, LLC ("Southern") (collectively, "Defendants" or "Movie Tavern") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"). The Plaintiff seeks to represent a class of individuals who worked at any Movie Tavern location in the Commonwealth of Pennsylvania between July 23, 2012 and December 31, 2015 in one or more of the following positions: bartender, server, and/or food runner (collectively referred to herein as "Tipped Employees") who worked prior to completing a Tip Credit Notification Form. According to Defendants' records, you were a Tipped Employee and worked one or more weeks at a Movie Tavern location prior to completing a Tip Credit Notification Form during the Class Period. The Plaintiff alleged that Defendant failed to properly pay Tipped Employees by, among other things, failing to satisfy the notice requirements of the tip credit provisions in federal and state law. Defendants deny Plaintiff's allegations in their entirety and assert that at all relevant times, they paid their Tipped Employees properly.

After extensive negotiations, the Parties (Plaintiff and Defendants) have reached a settlement of the Lawsuit (the "Settlement Agreement") for individuals who worked for Defendants in the Commonwealth of Pennsylvania during the Class Period. The proposed settlement does not impact individuals who worked for Defendants outside of Pennsylvania. The Court has granted preliminary approval of the Settlement and has scheduled a hearing on June 24, 2016 at 8:30 a.m. in Courtroom 5-D to determine whether to grant final approval.

**IF YOU ARE ONE OF THE INDIVIDUALS DESCRIBED IN THIS NOTICE WHO IS AFFECTED BY THE PROPOSED SETTLEMENT, YOU MAY GET MONEY FROM THIS SETTLEMENT. TO RECEIVE THE FULL AMOUNT TO WHICH YOU MAY BE ENTITLED, YOU MUST COMPLETE AND SUBMIT THE**

**ENCLOSED "CLAIM FORM" (THE GREEN FORM) TO THE CLAIMS ADMINISTRATOR, ANGEION GROUP (THE "CLAIMS ADMINISTRATOR") BY MAY 31, 2016. PLEASE SEE THE ATTACHED FORM FOR ADDITIONAL INFORMATION AND MAIL YOUR COMPLETED CLAIM FORM TO:**

**Movie Tavern Claims Administrator**
**C/O Angeion Group**
**1801 Market Street, Suite 660**
**Philadelphia, PA 19103**

## 2.   Who is affected by the proposed Settlement?

The Lawsuit was filed as a class action. In a class action, one or more people called "class representatives" (here, Plaintiff Tianna Kotchmar) sue on behalf of people who allegedly have similar claims. This group is called a "class" and the persons included are called "class members." One court resolves the issues for all of the class members, except for those who exclude themselves from the class. Here, the Court has certified a class action for settlement purposes only.

The Plaintiff is serving as the Class Representative for a settlement class of approximately 1,000 Tipped Employees who worked at Defendants' Movie Tavern locations in Pennsylvania during the applicable Class Period, July 23, 2012 and December 31, 2015.  This settlement does not impact individuals who worked for Defendants outside of Pennsylvania. Accordingly, their statutes of limitations are continuing to run.  As explained above, as part of the settlement, Plaintiff has agreed to only settle on behalf of a class of employees who worked in Pennsylvania during the Class Period.

## 3.   What is this case about?

Plaintiff brought the Lawsuit claiming that Defendants failed to properly pay Tipped Employees the applicable minimum wage for all hours worked.  As set forth in the Complaint, Plaintiff alleges that Defendants failed to satisfy the notice requirements of the tip credit provisions in federal and state law (and thus should have paid Tipped Employees the full minimum wage of $7.25 for every hour worked). Defendants have responded to the Lawsuit by denying all of Plaintiff's claims.

The parties in this Litigation disagree as to the probable outcome of the Lawsuit with respect to all issues if it were not settled. While the Plaintiff was prepared to proceed with litigating the case described above, the Plaintiff recognizes that litigating is a risky proposition and that she may not have prevailed on any or all of her claims.  Defendants expressly deny any wrongdoing or legal liability.

This Settlement is the result of good-faith, arms-length negotiations between the Plaintiff and Defendants, through their respective attorneys. Both sides agree that, in light of the risks and expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Settlement Class.

## 4.   What are my options?

You have four options with regard to this Settlement. You can: 1) participate in the Settlement in full by submitting the enclosed Claim Form; 2) object to the Settlement; 3) exclude yourself from the Settlement by mailing a request to opt out; or 4) do nothing. Details about each option and how each option will affect your rights under the law are explained below.

## 5.   What are the terms of the proposed Settlement?

While it denies any liability whatsoever, under the Settlement Agreement, Defendants will pay a total of Seven Hundred Fifty Thousand Dollars ($750,000.00) to settle this Litigation ("Settlement Amount").  The Settlement Amount will be used to cover all payments to Participating Settlement Class Members, fees and expenses incurred by the Claims Administrator in administering this Settlement, attorneys' fees and expenses of Class Counsel (as awarded by the Court), and any Service Payment to Plaintiff (as awarded by the Court).

The Settlement Amount will be divided amongst the Settlement Class Members who elect to participate in the Settlement by timely submitting valid Claim Forms ("Participating Settlement Class Members"). The Claims Administrator will calculate Settlement Payments for Participating Settlement Class Members in four steps.

First, the Claims Administrator will deduct from the Settlement Amount the following amounts as awarded or permitted by the Court: (i) Class Counsel's attorneys' fees and expenses, (ii) the Service Payment, if any, to the Plaintiff, and (iii) the fees and expenses of the Claims Administrator. The resulting number will be referred to as the "Net Settlement Amount." Next, the Claims Administrator will total the amount of Tip Credit taken by Defendants for all Work Weeks during the Class Period for each Participating Settlement Class Member. The Claims Administrator will then add the total amounts owed for all Work Weeks for each Class Member. This number will be referred to as the "Participating Individual Damage Amount." So, for example, if a Class Member was paid a cash wage by Defendants of $2.83, the tip credit claimed would be $4.42 (the minimum wage of $7.25 minus the cash wage of $2.83). If that individual worked two Work Weeks for Defendants, one 10 hours and the other 20 hours, that individual's Participating Individual Damage Amount would be $132.60 (($4.42 multiplied by 10 hours worked in a Work Week = $44.20) + ($4.42 multiplied by 20 hours worked in that Work Week = $88.40) = $132.60).

The Participating Individual Damage Amount for all Participating Settlement Class Members will then be added together by the Claims Administrator to determine the "Participating Settlement Class Members' Total Damage Amount." Then, the Claims Administrator will divide the Net Settlement Amount by the Participating Settlement Class Members' Total Damage Amount. Finally, the resulting fractional amount will be multiplied by the Participating Individual Damage Amount to determine that Participating Settlement Class Member's Settlement Payment. So, for example, if the fractional amount was 0.50, the individual who had Participating Individual Damage Amount of $132.60 would receive $66.30 (less applicable taxes) as their Settlement Payment. The complete methodology for calculating distribution is set forth in the Settlement Agreement.

An estimate of the amount you will receive, should you complete and submit a valid and timely Claim Form, is included with this Notice Packet. This estimate is based on the number of hours recorded in Defendants' timekeeping system. If you believe the number of hours recorded is in error, you may notify the Claims Administrator and dispute this amount. Please provide the Claims Administrator with any and all documents that support your claim.

Please be advised that the estimate included in the Claim Form is based on every Class Member participating in the Settlement. Accordingly, the exact amount to be received by each Participating Settlement Class Member cannot be determined until the final number of Participating Settlement Class Members has been ascertained after the Court determines how many individuals submitted completed valid and timely Claim Forms.

As part of the Settlement Amount, and in addition to any amount recoverable as a Participating Settlement Class Member, Defendants have agreed to pay Plaintiff Kotchmar up to Five Thousand Dollars ($5,000.00) in recognition of the risk Plaintiff took in bringing this Lawsuit and efforts she expended in prosecuting and resolving the Litigation by, among other things, preparing for and attending the settlement conference. The actual amount, if any, of the Service Payment Plaintiff will receive will be decided by the Court after it considers risks Plaintiff incurred and the benefits she helped obtain for Settlement Class Members.

| 6. | Who represents the Parties? |

*Plaintiff and Settlement Class Members:*
Arkady "Eric" Rayz
Kalikhman & Rayz,
LLC 1051 County
Line Road Suite A
Huntingdon Valley , PA 19006
Phone:  (215) 364-5030
Facsimile:  (215) 364-5029
www.kalraylaw.com

Gerald D. Wells , III
Connolly Wells & Gray, LLP
2200 Renaissance Boulevard
Suite 308
King Of Prussia , PA 19406
Phone:  (610) 822-3700
Facsimile:  (610) 822-3800
www.cwg-law.com

*Defendants*
Christopher S. Mann
Maggie LeBato
JONES WALKER LLP
201 St. Charles Ave.
50th Floor
New Orleans, LA 70170
Phone: (504) 582-8332
Facsimile: (504) 589-8332

Thomas T. Hearn
OBERMAYER REBMANN MAXWELL &
HIPPEL LLP
1617 JFK Blvd., Suite 1900
Philadelphia, PA 19103
Telephone: (215) 665-3013

## 7.  How will the attorneys for the class be paid?

Class Counsel, as defined in the Settlement Agreement, will request an award of fees that does not exceed one-third of the Settlement Amount (Two Hundred Fifty Thousand Dollars ($250,000.00)), plus reimbursement of out-of-pocket expenses.  Any attorneys' fees and costs awarded in conjunction with the Settlement shall be paid from the Settlement Amount.  Any fees and costs awarded by the Court in connection with this Settlement shall include and constitute satisfaction of the entire amount of attorneys' fees and costs awarded by the Court, and shall be distributed by the Claims Administrator after the Court makes a determination regarding the amount of any fees and costs to be awarded. Settlement Class Counsel's Motion for Attorneys' Fees and Costs will be a public document filed with the Court.  Once filed, Settlement Class Counsel's Motion will be available on the following website: www.movietavernsettlement.com. The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs are reasonable.

## 8.  How do I participate in the Settlement and what happens if I do participate?

**To receive a distribution from the Settlement Amount, you must complete, sign and return the enclosed Claim Form (the Green Form) by mailing it to the Claims Administrator, postmarked no later than May 31, 2016.**  If the Court approves the Settlement, you will receive a distribution amount calculated as described in Section 5.  The Claim Form is enclosed with this Notice and may also be obtained by contacting the Claims Administrator at the address or phone number that appears at the end of this notice.

Should you choose to return your Claim Form and participate in the Settlement, and if the Court grants final approval of the Settlement, you will be deemed by the Court to have fully and irrevocably released and waived any and all state and federal wage claims you may have against Defendants for known and unknown acts during the Class Period.  You will be unable to bring any claim against Defendants that is included in the Release of Claims listed on the Claim Form.  The full release is contained in the Claim Form.

If you submit a valid Claim Form, you will receive your Settlement check for your distribution from the Settlement Amount after final approval and after the Settlement becomes effective.

## 9.  How quickly must I act to participate in the Settlement?

To join the Lawsuit and receive a distribution from the Settlement Amount, you must properly complete and timely submit the enclosed Claim Form to the Claims Administrator. **THE CLAIM FORM MUST BE POSTMARKED OR RECEIVED BY THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET**

**FORTH BELOW ON OR BEFORE MAY 31, 2016.**

Movie Tavern Claims Administrator
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

**10.** **What if I choose to object to the Settlement?**

You can object to the terms of the settlement before final approval. However, if the Court approves the settlement, you may still be bound by the terms of the settlement. You may both object to the settlement and participate in it, but you must timely file a Claim Form to receive your distribution from the Settlement Amount.

To object, you must submit a written objection, along with any supporting documents or materials by **May 31, 2016** to the Claims Administrator at the address listed above.  The Claims Administrator will forward all objections to counsel for the Parties for counsel's review and Class Counsel will then submit them to the Court for the Court's consideration.  Any Settlement Class member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the Service Payment to the Plaintiff, the claims process, and any and all other aspects of the Settlement.

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR FULL SHARE OF THE SETTLEMENT, YOU MUST STILL TIMELY FILE YOUR CLAIM FORM AS STATED ABOVE.   IF THE COURT APPROVES THE SETTLEMENT DESPITE YOUR OR ANY OTHER OBJECTION AND YOU HAVE NOT SUBMITTED A CLAIM FORM, YOU WILL NOT RECEIVE ANY PROCEEDS AND YOU WILL STILL BE BOUND BY THE RELEASE SET FORTH IN THE SETTLEMENT AGREEMENT.**

**11.** **What if I choose to exclude myself from or "opt out" of the Settlement?**

You may exclude yourself from the Settlement by submitting a Request for Exclusion Form (opting-out of the Settlement). The Request for Exclusion Form (the Red Form) was sent with this Notice. If you misplaced the form, you can still opt out by sending a letter by mail to the Claims Administrator that states: "I request to be excluded from the settlement in *Kotchmar v. Movie Tavern Partners, LP, et al,* Case No. 15-cv-04061 (E.D. Pa.). I affirm that I was employed by Defendant as a Tipped Employee on one or more days between July 23, 2012 and December 31, 2015." Any Class Member who wishes to opt-out must also include his or her full name, address, and telephone number.  Class Members may not exclude themselves by telephone, fax, or email.  If a fully completed and properly executed Request for Exclusion or letter requesting exclusion is not received by the Claims Administrator from a Settlement Class Member and postmarked on or before **May 31, 2016**, you will be considered part of the Settlement Class. If you submit a Request for Exclusion but also submit a valid Claim Form, you will receive a letter seeking clarification.  Should clarification not be received, the later mailed document will govern and if it cannot be ascertained which document was later mailed, the Claim Form will govern and the individual will be bound by the terms of the release set forth on Claim Form.

If you timely complete and submit a Request for Exclusion, you will not participate in these proceedings, or receive any money from the Settlement.  If you opt out, you will not be subject to the Release of Claims set forth in the Settlement Agreement and Claim Form.  **Please note that unless you submit a Request for Exclusion Form or letter requesting exclusion, the release of claims contained in the Settlement Agreement will have the same force and effect upon the Settlement Class as if the Settlement Agreement were executed by each member of the Settlement Class.**

**12.** **What if I do nothing?**

**If you do nothing, you will not receive any distribution from the Settlement Amount and you will still be bound by the Release of Claims set forth in the Settlement Agreement.  In short,**

**you will be precluded from asserting any wage claims against Defendants under Pennsylvania state law based on the facts asserted in the Complaint.**

You are strongly encouraged to make a decision as to whether you wish to participate in the Settlement and receive a distribution from the Settlement Amount and to return the appropriate form within the allotted time period.

**13.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at 8:30 a.m. on June 24, 2016, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, in Courtroom 5-D. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 10 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

**14.   Do I have to attend the Final Approval Hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear at your own expense.

**15.   Who can answer questions regarding the Settlement?**

This Notice only summarizes the Settlement terms for the Lawsuit. For more information about the settlement or if you have any questions regarding the settlement, you may contact your class counsel, Connolly Wells & Gray, LLP at:

Gerald D. Wells, III
Connolly Wells & Gray, LLP
2200 Renaissance Boulevard, Suite 308
King Of Prussia , PA 19406
Phone: (610) 822-3700
Email: gwells@cwg-law.com

The information contained in this Notice posted on a website: www.movietavernsettlement.com

***Do not contact the Court directly about this matter.***
***The Court cannot provide you with legal advice or any opinion regarding the***
***Lawsuit or proposed settlement.***

# EXHIBIT "B"

## CLAIM FORM, CONSENT TO JOIN AND RELEASE

### *TIANNA KOTCHMAR  v. MOVIE TAVERN PARTNERS*, et al
### Civil Action No.: 15-cv-04061

Movie Tavern Claims Administrator
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

| | |
|---|---|
| [Class Member Name]<br>[Class Member Address] | Name/Address Changes (if any):<br><br>Name: _____<br><br>Address: _____<br><br>_____<br><br>Phone: ( _____ ) _____ - _____ |

## COMPLETE AND SIGN THIS FORM ONLY IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS

**You must sign and return this Claim Form, POSTMARKED NO LATER THAN [DATE 60 DAYS FROM MAILING] to receive your share of the Settlement.**

Your share of the Settlement is based on the number of hours that you worked as a bartender, server or food runner (collectively, "Tipped Employees") during the "Class Period" for which you were paid a cash wage of less than $7.25 per hour and before you signed a Tip Credit Notification Form (if applicable). The Class Period extends from July 23, 2012 to December 31, 2015.

The Movie Tavern's records show that, within that period, you worked as a Tipped Employee during the following time period:     [CLASS MEMBER START DATE] to [CLASS MEMBER END DATE] and you executed a Tip Credit Notification Form on [Date]

Based on time records, Movie Tavern calculates that you worked [NUMBER] hours during your Work Weeks in the Class Period and were paid a cash wage of _____ per hour.

Based on time records, Movie Tavern calculates that you worked [NUMBER] hours during your Work Weeks in the Class Period and were paid a cash wage of _____ per hour.

Based on time records, Movie Tavern calculates that you worked [NUMBER] hours during your Work Weeks in the Class Period and were paid a cash wage of _____ per hour.

As such, your estimated Settlement Payment, should you complete and return this form, is [$XXX.XX]

**IF YOU AGREE WITH THE NUMBER OF HOURS SET FORTH ABOVE AND YOU WISH TO MAKE A CLAIM, SIGN WHERE DESIGNATED IN THE MIDDLE OF PAGE 2 AND RETURN THIS FORM TO THE CLAIMS ADMINISTRATOR.**

**IF YOU WISH TO MAKE A CLAIM, BUT YOU DO NOT AGREE WITH DEFENDANTS' RECORDS SET FORTH ABOVE, THEN PLEASE COMPLETE THE DISPUTE FORM ON PAGE 2 AND RETURN TO THE CLAIMS ADMINISTRATOR.**

*NOTE: The Claims Administrator will rely on Defendants' records regarding the applicable tax deductions (e.g., federal and state income taxes) and other deductions contained in Defendants' payroll records (e.g. garnishments, tax liens, child support).  If your circumstances have changed, it is your responsibility to notify the Claims Administrator of your change in circumstance.*

**RELEASE:** By participating in this Settlement, you shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge Southern Theatres, LLC and Movie Tavern Inc. (together "Movie

{N3183646.1}

Tavern"), their past, present, and future members, parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of Movie Tavern's past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by Movie Tavern, divisions, units, branches and any other persons or entities acting on Movie Tavern's behalf (collectively referred to as the "Released Persons"), from any and all Pennsylvania wage-related claims of any kind, including but not limited to any claims pursuant to the PMWA and PWPCL that you have, had, might have or might have had against any of the Released Persons based on any act or omission from the inception of the Class Period to the date you signed a Tip Credit Notification Form, in any way related to any of the facts or claims that were alleged or that could have been alleged in the Litigation or by reason of the negotiations leading to this Settlement, even if presently unknown or un-asserted.

In addition, you shall be deemed to forever and fully release and discharge Defendants, and release and hold harmless the Released Persons, from any and all federal wage-related claims of any kind, including but not limited to any claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* that you have, had, might have or might have had against any of the Released Persons based on any act or omission from the inception of the Class Period to the date you signed a Tip Credit Notification Form, that in any way related to any of the facts or claims that were alleged or that could have been alleged in the Litigation or by reason of the negotiations leading to this Settlement, even if presently unknown or un-asserted.

I, [NAME], certify by signing below that I wish to join the Lawsuit listed in the Notice and to participate in the proposed Settlement in this matter, including the portion of the Settlement relating to claims asserted under the FLSA. I hereby consent to become a party plaintiff in the Lawsuit, and I hereby authorize Class Counsel to file this Claim Form, Consent to Join and Release with the Court. I also certify that I agree to be bound by the Release contained in the Settlement Agreement and reproduced above, and that I agree to be bound by the Claims Administrator's determination of my hours worked.

_____          _____
Date                                                      Signature

### DISPUTE FORM

**IF YOU AGREED WITH DEFENDANTS' RECORDS SET FORTH ON PAGE 1 THEN <u>DO NOT</u> COMPLETE THIS SECTION. IF YOU DISPUTE MOVIE TAVERN'S RECORDS, READ AND COMPLETE THIS SECTION**

**Between July 23, 2012, and December 31, 2015 I believe I, [NAME] worked as a Tipped Employee the following hours before I signed a Tip Credit Notification Form:**

Dates: _____, _____ to _____, _____ _____ _____
          month, day    year      month, day   year  # of hours  hourly rate

Dates: _____, _____ to _____, _____ _____ _____
          month, day    year      month, day   year  # of hours  hourly rate

Dates: _____, _____ to _____, _____ _____ _____
          month, day    year      month, day   year  # of hours  hourly rate

{N3183646.1}2

Dates: _____ , _____ to _____ , _____ _____ _____
                  month, day          year                 month, day      year   # of hours   hourly rate

*NOTE: In order to dispute Defendants' Records listed in this Claim Form, you must also submit a written, signed declaration attesting to the number of hours you worked and/or your hourly rate. In addition, you can submit copies of your pay stubs and any other evidence you have supporting your assertion regarding this form. You hereby authorize the Claims Administrator to review both your records and Movie Tavern's records to determine the number of hours and/or hourly rate for which you qualify for payment. The determination by the Claims Administrator will be final, so you will not have another opportunity to dispute Defendants' records. By participating in this Settlement, you agree to this dispute resolution procedure and agree that the Claims Administrator's decision is final and binding, and you agree not to contest it.*

# EXHIBIT "C"

# REQUEST FOR EXCLUSION FORM

## *TIANNA KOTCHMAR v. MOVIE TAVERN PARTNERS, et al*
### Civil Action No.: 15-cv-04061

Movie Tavern Claims Administrator
c/o Angeion Group
Attn: Exclusions Dept.
1801 Market Street, Suite 660
Philadelphia, PA 19103

## COMPLETE AND SIGN THIS FORM ONLY IF YOU WISH *NOT* TO PARTICIPATE IN THE SETTLEMENT OR BE BOUND BY ITS TERMS

**You must complete, sign, and return this Request for Exclusion Form, POSTMARKED NO LATER THAN MAY 31, 2016 in order to "opt-out" of the Settlement.**

By completing and returning this form, I affirm that I do not want to be included in the Settlement of the class action lawsuit referenced above and **do not want to be bound** by the Settlement's terms, including its releases. I further understand that the Settlement Agreement was made available for my review at www.movietavernsettlement.com.

I understand that by opting out, I am giving up any claim I may have to any portion of the Settlement Amount.

By opting out, I understand that I retain the right to file my own individual lawsuit against Defendants Movie Tavern, Inc. and Southern Theaters, LLC.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| | | |
|---|---|---|
| Former Name (if any); First | Middle Initial | Last Name |

| | | | |
|---|---|---|---|
| Current Mailing Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number (Home) | Telephone Number (Cell) |

*Note: Class Members may not exclude themselves by telephone, fax, or email. In order to exclude yourself, you must return this form via U.S. Mail to the Claims Administrator at the address listed above.*

I request to be excluded from the settlement in *Kotchmar v. Movie Tavern Partners, LP, et al.*, Case No. 2:15-CV-04061 (E.D. Pa.). I affirm that I was employed by Defendants as a Tipped Employee on one or more days between July 23, 2012 and December 31, 2015.

_____           _____
         Date                               Signature

# EXHIBIT "D"

### *TIANNA KOTCHMAR v. MOVIE TAVERN PARTNERS*, *et al*
### Civil Action No.: 15-cv-04061

PLEASE TAKE Notice that there is a proposed class action settlement in the case ***Kotchmar v. Movie Tavern Partners, LP, et al,*** Case No. 15-cv-04061, pending in the United States District Court for the Eastern District of Pennsylvania ("Lawsuit"). All capitalized terms in this Class Notice are defined in the Settlement Agreement, which is available at www.movietavernsettlement.com along with other relevant documents. If terms are insufficiently identified, discussed or defined in this Notice or if any terms of this Notice conflict with the Settlement Agreement, the terms of the Settlement Agreement shall prevail.

In the Litigation, Plaintiff Tianna Kotchmar ("Plaintiff") alleges that Movie Tavern Inc. (incorrectly identified in the Lawsuit as "Movie Tavern Partners, LP") and Southern Theaters, LLC (collectively, "Defendants" or "Movie Tavern") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff alleges that Defendants failed to properly pay Tipped Employees by, among other things, failing to satisfy the notice requirements of the tip credit provisions in federal and state law. Defendants deny Plaintiff's allegations in their entirety and assert that at all relevant times, they paid their Tipped Employees properly.

If you worked at any Movie Tavern location in the Commonwealth of Pennsylvania between July 23, 2012 and December 31, 2015 in one or more of the following positions: bartender, server, and/or food runner (collectively referred to herein as "Tipped Employees") and worked at least one calendar week prior to completing a Tip Credit Notification Form, you should have received a Notice Packet from the Claims Administrator. If you did not receive a Notice Packet and believe you are a class member, please contact the Claims Administrator at:

Movie Tavern Claims Administrator
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103
MovieTavern@angeiongroup.com
