**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIANNA KOTCHMAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOVIE TAVERN PARTNERS, LP, *et al.*,<br><br>Defendants. | Civil Action No.: 15-cv-04061 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND SERVICE PAYMENT TO PLAINTIFF**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………...ii

I.   INTRODUCTION ........................................................................................................... 1

II.  PLAINTIFF'S FEE REQUEST IS FAIR AND REASONABLE ..................................... 3

     A.   CLASS COUNSEL ARE ENTITLED TO A REASONABLE FEE .......................................... 3

     B.   THE REQUESTED FEE IS REASONABLE UNDER THE PERCENTAGE-OF-RECOVERY
          APPROACH ................................................................................................................ 4

          1.   The Amount of Value Created and the Number of Persons
               Benefited ........................................................................................................ 5

          2.   The Presence or Absence of Substantial Objections by Members
               of the Class to the Settlement Terms and/or Fees Requested by
               Counsel .......................................................................................................... 6

          3.   The Skill and Efficiency of the Attorneys Involved .................................. 7

          4.   The Complexity and Duration of the Litigation ........................................ 8

          5.   The Risk of Nonpayment ............................................................................. 9

          6.   The Amount of Time Devoted to the Litigation by Class Counsel .......... 10

          7.   Awards in Similar Cases ............................................................................ 11

     C.   LODESTAR MULTIPLIER CHECK CONFIRMS THAT THE REQUESTED FEE AWARD IS
          REASONABLE ........................................................................................................... 12

     D.   THE COURT SHOULD AWARD REIMBURSEMENT OF EXPENSES ............................... 13

     E.   THE SERVICE PAYMENT AWARD TO PLAINTIFF IS EMINENTLY
          REASONABLE ........................................................................................................... 14

III. CONCLUSION ................................................................................................................ 15

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          Page(s)

*In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Prac. Litig.*,
   263 F.R.D. 226 (E.D. Pa. 2009) ...................................................................................... 14

*Barel v. Bank of Am.*,
   255 F.R.D. 393 (E.D. Pa. 2009) ........................................................................................ 7

*In re Cendant Corp.*,
   232 F. Supp. 2d 327 (D.N.J. 2002) ................................................................................... 7

*In re Chickie's & Pete's Wage and Hour Litigation*,
   Master File No. 12-cv-6820 (E.D. Pa.) ............................................................................ 8

*Cullen v. Whitman Medical Corp.*,
   197 F.R.D. 136 (E.D. Pa. 2000) ........................................................................................ 8

*Esslinger v. HSBC Bank Nevada, N.A.*,
   No. 10-3213, 2012 WL 5866074
   (E.D. Pa. Nov. 20, 2012) ................................................................................................ 11

*Farrar v. Hobby*,
   506 U.S. 103 (1992) ......................................................................................................... 4

*In re Flonase Antitrust Litig.*,
   No. 08-cv-3149, 2013 WL 2915606 (E.D. Pa. June 14, 2013) ........................................ 7

*George v. Staples Inc. (In re Staples Inc.)*,
   No. 08-5746, 2011 U.S. Dist. LEXIS 128601 (D.N.J. Nov. 4, 2011) ............................ 13

*In re GM Trucks Litig.*,
   55 F.3d 768 (3d Cir. 1995) ......................................................................................... 4, 11

*Gunter v. Ridgewood Energy Corporation*,
   223 F.3d 190 (3d Cir. 2000) .................................................................................... *passim*

*Hall v. Best Buy Co.*,
   274 F.R.D. 154 (E.D. Pa. 2011) ........................................................................................ 4

*Hegab v. Family Dollar Stores, Inc.*,
   No. 11-cv-1206, 2015 U.S. Dist. LEXIS 28570 (D.N.J. Mar. 9, 2015) ...................... 4, 11

*In re Ikon Office Solutions v. Stuart*,
   194 F.R.D. 166 (E.D. Pa. 2000) ........................................................................................ 7

*In re Janney Montogmery Scott LLC Fin. Consultant Litig.*,
   Master File No. 06-3202, 2009 U.S. Dist. LEXIS 60790 (E.D. Pa. 2009) ....................... 4, 8, 13

*Leap v. Yoshida*,
   No. 14-cv-3650, 2016 U.S. Dist. LEXIS 57819 (E.D. Pa. Apr. 29, 2016) ......................... 11, 14

*Lenahan v. Sears, Roebuck & Co.*,
   No. 02-0045, 2006 U.S. Dist. LEXIS 60307 (D.N.J. July 10, 2006) ....................................... 11

*In re Linerboard Antitrust Litig.*,
   MDL No. 1261, 2004 WL 1221350 (E.D. Pa. June 2, 2004) ..................................................... 8

*Mabry v. Hildebrandt*,
   No. 14-cv-5525, 2015 U.S. Dist. LEXIS 112137 (E.D. Pa. Aug. 24, 2015) ............................ 11

*Magness v. Walled Lake Credit Bureau et al*,
   No. 12-CV-06586 (E.D. Pa.) ..................................................................................................... 12

*In re Merck & Co., Inc. Vytorin ERISA Litig.*,
   No. 08-CV-285, 2010 U.S. Dist. LEXIS 12344 (D.N.J. Feb. 9, 2010) ............................ 10, 13

*Moore v. Comcast Corp.*,
   No. 08-773, 2011 U.S. Dist. LEXIS 6929 (E.D. Pa. Jan. 24, 2011) .................................... 7, 14

*In re Philips/Magnavox Television Litig.*,
   No. 09-cv-3072, 2012 WL 1677244 (D.N.J. May 14, 2012) ...................................................... 9

*Ratner v. Bennett*,
   No. 92-cv-4701, 1996 U.S. Dist. LEXIS 6259 (E.D. Pa. May 8, 1996) .................................. 12

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) .................................................................................................. 5, 12

*Roofers Local 317 v. G & M Roofing & Sheet Metal Co.*,
   732 F.2d 495 (6th Cir. 1984) ...................................................................................................... 3

*Rouse v. Comcast Corp.*,
   No. 14-cv-1115, 2015 U.S. Dist. LEXIS 49347 (E.D. Pa. April 15, 2015) ............. 7, 11, 12, 13

*In re Safety Components, Inc. Sec. Litig.*,
   166 F Supp. 2d 72 (D.N.J. 2001) ................................................................................................ 2

*In re Schering-Plough Corp.*,
   No. 08-1432, 2012 U.S. Dist. LEXIS 75213 (D.N.J. May 31, 2012) .................................. 7, 13

**Statutes**

43 P.S. § 333.113 ............................................................................................................................3

Fair Labor Standards Act ....................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23 .......................................................................................................................3, 13

Plaintiff Tianna Kotchmar ("Plaintiff"), by and through her undersigned counsel, respectfully requests an award of attorney' fees in the amount of $225,000.00, which represents thirty percent (30%) of the Settlement Amount. Class Counsel's fee request includes reimbursement of out-of-pocket costs and expenses in the amount of $572.22. In addition, Class Counsel also respectfully requests that this Court award a Service Payment to Plaintiff in the amount of $5,000.00, in recognition of Plaintiff's assistance in obtaining the Settlement.

## I. INTRODUCTION

This Settlement is, frankly, an outstanding result. It achieves the monetary recovery of $750,000, which represents approximately 50% of the total damages substained by the Settlement Class and results in an average award to Participating Settlement Class Members of over $891. *See* Wells Decl. at ¶ 44, 81. This exceptional recovery could not have been achieved without the time, skill, and resources of Class Counsel and the assistance of the Plaintiff at key junctures of this Litigation. This recovery was a direct result of the continuing efforts of Class Counsel that began before the filing of the initial complaint and continued throughout the litigation process. Class Counsel's skill, creativity, perseverance and hard work allowed them to successfully resolve the Litigation, subject to the Court's approval. As set forth below, Class Counsel have expended substantial time (over 270 hours) and resources, and achieved a significant result for the Settlement Class for which compensation is well-deserved.

Accordingly, Class Counsel's fee request is eminently appropriate when compared to the overall amount recovered for the Settlement Class, as well as when compared to Class Counsel's lodestar. Moreover, this request is fundamentally supported by the time and effort devoted to the Litigation, the significant risks undertaken, the quality of the services rendered, the results achieved, and is fully supported by applicable case law in this Circuit and analogous class actions.

Class Counsel's fee request also includes reimbursement of Plaintiff's Counsel's out-of-pocket expenses in the amount of $572.22, which were reasonable and necessary in prosecuting this Lawsuit. Per the terms of the Settlement, Class Counsel was entitled to request reimbursement of their expenses separate and apart from their fee request. Notably, Class Counsel is including their expense reimbursement in their fee request, thus allocating additional funds available to Participating Class Members. Finally, Plaintiff requests a modest Service Payment of $5,000.00 in recognition of the time and effort Plaintiff devoted to this Litigation on behalf of the Settlement Class. As with Plaintiff's other requests, this request is also well supported by applicable case law. Importantly, after mailing the approved form of Class Notice – which stated that Class Counsel would seek an amount not to exceed 33 1/3 percent of the Settlement Amount as a fee award plus reimbursement of out-of-pocket expenses – to 782 individuals, no Settlement Class Member objected to any portion of the proposed Settlement, including any of the aforementioned requests. The dearth of objections to Plaintiff's request for attorneys' fees, reimbursement of expenses, and Service Payment clearly evinces the propriety of each of these requests.

Sister courts in this Circuit have not hesitated to approve fee petitions of one-third or more of the common fund. *See, e.g., In re Safety Components, Inc. Sec. Litig.,* 166 F Supp. 2d 72, 102 (D.N.J. 2001) (granting award of 33 1/3 % in common fund case and citing to ten cases from this Circuit holding the same). Importantly, despite the eminent propriety of each of Class Counsel's requests as well as the tacit approval of the Settlement Class to said requests, as set forth below, Class Counsel have elected to seek a fee award of only thirty percent of the Settlement Amount, inclusive of expenses (rather than one-third of the Settlement Amount *and* reimbursement of expenses, as permitted under the Settlement Agreement and Class Notice).

Respectfully, based on this voluntary reduction, the work performed, result achieved, and reaction of the Settlement Class, this Court should not hesitate in granting Class Counsel's fee request or Service Payment award.

## II.     PLAINTIFF'S FEE REQUEST IS FAIR AND REASONABLE[1]

Class Counsel respectfully requests the Court approve its fees in the amount of $225,000.00, or thirty percent of the Settlement Amount. Importantly, the fee application is fair and reasonable, and consequently appropriate, given the work performed, the excellent result achieved and the significant risks undertaken by Class Counsel.

### A.     CLASS COUNSEL ARE ENTITLED TO A REASONABLE FEE

Plaintiff's counsel are entitled to an award of attorneys' fees in this Litigation, which they brought as an Fair Labor Standards Act ("FLSA") collective action and a Rule 23 state wage and hour class action under Pennsylvania law.

The purpose of Section 216(b) of the FLSA is to ensure "effective access to the judicial process by providing attorneys' fees for prevailing plaintiffs with wage and hour grievances." *Roofers Local 317 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). In an FLSA action, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis supplied). Similarly, attorneys' fees and costs are recoverable under the state wage and hour statute at issue in this litigation. *See* 43 P.S. § 333.113.

Plaintiff is the prevailing party in this litigation, and she is entitled to an award of attorneys' fees. A plaintiff "prevails" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way

---

[1] Plaintiff hereby incorporates by reference the factual and procedural background of this Litigation set forth in the memorandum of law filed in support of final approval of the Settlement.

that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992). This relief may come in the form of an enforceable judgment, a consent decree, or a settlement. *Id*. Here, the Plaintiff has secured substantial relief from Defendants – a monetary recovery of $750,000.00 (the Settlement Amount). Accordingly, Plaintiff is the prevailing party and is entitled to an award of attorneys' fees and costs under the FLSA and applicable state law.

As set forth herein, Plaintiff's fee request is eminently reasonable.

### B.    THE REQUESTED FEE IS REASONABLE UNDER THE PERCENTAGE-OF-RECOVERY APPROACH

Case law in the Third Circuit establishes two methods for evaluating the award of attorney's fees -- the lodestar approach and the percentage of the recovery approach. *In re GM Trucks Litig*., 55 F.3d 768, 820-21 (3d Cir. 1995) (citing Report of the Third Circuit Task Force on Court Awarded Attorney Fees, 108 F.R.D. 237, 250-53 (1985)). This Circuit has approved the "percentage of the recovery" method for determining attorneys' fees where class members recover from a common fund. *Hall v. Best Buy Co.*, 274 F.R.D. 154, 171 (E.D. Pa. 2011). Indeed, "[t]he percentage-of-recovery method is preferred in common fund cases, as courts have determined 'that Class Members would be unjustly enriched if they did not adequately compensate counsel responsible for generating the fund.'" *Hegab v. Family Dollar Stores, Inc.*, No. 11-cv-1206, 2015 U.S. Dist. LEXIS 28570, *28 (D.N.J. Mar. 9, 2015)(quoting *Varacallo v. Mass. Mutual Life Ins. Co.,* 226 F.R.D. 207, 249 (D.N.J. 2005). The percentage of recovery method is also favored because it "rewards counsel for success and penalizes it for failure." *In re Janney Montogmery Scott LLC Fin. Consultant Litig.,* Master File No. 06-3202, 2009 U.S. Dist. LEXIS 60790, *39 (E.D. Pa. 2009)(internal quotation omitted).

In this case, an analysis of the factors relevant to a percentage of recovery approach supports Class Counsel's request. The Third Circuit has held that these factors include: (1) the

amount of the value created and the number of persons benefited; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; (7) the awards in similar cases. *Gunter v. Ridgewood Energy Corporation*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). The Third Circuit has determined that "these fee award factors 'need not be applied in a formulaic way … and in certain cases one factor may outweigh the rest.'" *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005), *citing Gunter*, 223 F.3d at 195 n.1.

Here, Class Counsel have negotiated a Settlement creating a settlement fund $750,000.00 and seek an award in the amount of $225,000.00 – representing 30 percent of the Settlement Amount -- inclusive of fees and out-of-pocket expenses. Application of the *Gunther* factors clearly supports the reasonableness of Plaintiff's fee request.

**1.    The Amount of Value Created and the Number of Persons Benefited**

The proposed Settlement is very favorable to the Settlement Class, and Participating Class Members will receive an immediate benefit, in the form of direct monetary payments. The Settlement also avoids the various risks involved in the litigation – risks that Plaintiff and Class Counsel considered carefully when negotiating and reaching the Settlement now before the Court. Further, 782 copies of the Class Notice have been mailed to potential Class Members, evidencing the large number of persons that had the opportunity to benefit from the Settlement. *See* Wells Decl. at ¶ 12. Of these individuals, approximately 315 individuals have elected to become Participating Settlement Class Members. *Id*. Based on the Claims Administrator's initial calculations, the average award to Participating Settlement Class Members will be over $891, and the highest recovery will be over $8,650. *See* Wells Decl. at ¶ 44. Accordingly, Class

Counsel helped achieve a Settlement that is of real and significant value to hundreds of Participating Settlement Class Members.

Moreover, as a result of this Litigation and the dissemination of Class Notice, all Tipped Employees now better understand Defendants' compensation structure and are aware of the tip credit provisions of the FLSA.[2]  Thus all Settlement Class Members benefitted from Class Counsel's efforts, regardless if they elected to become Participating Settlement Class Members.

In short, Class Counsel have conferred a real benefit to the Settlement Class and should be compensated for their achievement.

### 2. The Presence or Absence of Substantial Objections by Members of the Class to the Settlement Terms and/or Fees Requested by Counsel

The second *Gunter* factor is whether there are any objections from class members regarding the requested fee amount.  Here, Class Counsel have received no objections to either the Settlement or their requested fee award.[3]  The Class Notice, which was mailed to the last known address of 782 potential Settlement Class Members on April 1, 2016[4], informed the members of the Settlement Class that, *inter alia*, Class Counsel would request fees of up to one-third of the Settlement Amount and seek reimbursement of their reasonable expenses.  The Class Notice also advised all potential Settlement Class Members of the option and process of objecting to any aspect of the proposed Settlement, including the requested attorneys' fees.  Importantly, no individuals filed an objection to any aspect of the Settlement.

---

[2] Indeed, pursuant to the terms of the Settlement Agreement, Defendants were required to post the Class Notice in each of their Pennsylvania Theatres, thereby apprising all employees (including those not meeting the definition of Settlement Class Members) of their rights under the FLSA.  Thus, this Litigation has provided significant therapeutic relief insofar as employees are better aware of their rights and their employer's obligations under the law.

[3] As of the date of this filing, the Claims Administrator has received notice from eight individuals who indicated their desire to opt out of the Settlement.  *See* Declaration of Brian S. Devery ("Devery Decl.") at ¶18.

[4] Of the 782 Class Notices mailed, 67 Class Notices were ultimately returned as undeliverable.  *See* Devery Decl. at ¶15; *see generally* Devery Decl. (detailed explanation of the dissemination of the Notice Packet).

As numerous district courts have held, the dearth of objections "strongly support[] approval of the requested fee." *In re Flonase Antitrust Litig.*, No. 08-cv-3149, 2013 WL 2915606, at *7 (E.D. Pa. June 14, 2013); *see also In re Schering-Plough Corp.,* No. 08-1432, 2012 U.S. Dist. LEXIS 75213, *18 (D.N.J. May 31, 2012)(finding the "lack of objections to the requested attorneys' fees supports the request"); *Moore v. Comcast Corp.*, No. 08-773, 2011 U.S. Dist. LEXIS 6929 at *13 (E.D. Pa. Jan. 24, 2011)(recognizing as significant that "not one member of the class ha[d] filed an objection to the settlement" despite the fact that notice was mailed to 35,360 class members). Indeed, the "absence of large numbers of objections mitigates against reducing fee awards." *In re Cendant Corp.,* 232 F. Supp. 2d 327, 337 (D.N.J. 2002)(citations omitted).

As noted above, despite the wide-spread dissemination of a fully informative Class Notice, no objections have been received. See Wells Decl. at ¶ 53. This dearth of objections strongly supports approval of Class Counsel's requested fee award. *See Barel v. Bank of Am.*, 255 F.R.D. 393, 404 (E.D. Pa. 2009)(in approving fee request, stating "[i]mportantly, there were no objections"); *Rouse v. Comcast Corp.*, No. 14-cv-1115, 2015 U.S. Dist. LEXIS 49347, *29 (E.D. Pa. April 15, 2015) (finding absence of objections "favors awarding the requested fees without reduction").

### 3. The Skill and Efficiency of the Attorneys Involved

The third *Gunter* factor measures the skill and efficiency of the attorneys involved. The quality of representation is measured by "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *In re Ikon Office Solutions v. Stuart*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) *quoting In re Computron Software*, 6 F.Supp. 2d 313, 323. (E.D. Pa. 1998). In short,

the "single clearest factor reflecting the quality of class counsels' service to the class are the results obtained." *Cullen v. Whitman Medical Corp.*, 197 F.R.D. 136, 149 (E.D. Pa. 2000); *see also In re Janney Montogmery Scott,* 2009 U.S. Dist. LEXIS 60790, *41 (noting "the quality of representation in a case can be measured by the quality of the result achieved."); *In re Linerboard Antitrust Litig.*, MDL No. 1261, 2004 WL 1221350, at *5 (E.D. Pa. June 2, 2004) ("The result achieved is the clearest reflection of petitioners' skill and expertise.").

The Settlement obtained for Plaintiff and the Settlement Class Members would not have been achieved without the skill and experience of Class Counsel.[5]  As set forth in the Wells Declaration, Class Counsel have extensive experience in complex class action litigation, including litigation involving FLSA and other wage and hour claims.  *See* Wells Decl. at ¶¶ 96-107.  Indeed, in this District, the attorneys comprising Class Counsel have served as class counsel in analogous wage and hour actions, including *In re Chickie's & Pete's Wage and Hour Litigation,* Master File No. 12-cv-6820 (E.D. Pa.).  *See* Wells Decl. at ¶ 104.  That Class Counsel were able to achieve such a significant Settlement, despite the quality of opposing counsel, only buttresses the propriety of Plaintiff's fee request.

Accordingly, the third *Gunter* factor also supports the requested fee award.

### 4. The Complexity and Duration of the Litigation

The fourth *Gunter* factor, which measures the complexity and duration of the litigation, also supports Class Counsel's fee request.  Indeed, this Litigation was actively and aggressively contested by both sides.  Many hours of effort were expended in investigating Plaintiff and the Settlement Class's claims, written discovery, and extensive settlement negotiations.  Class

---

[5] In prosecuting the Litigation, Class Counsel researched and developed Plaintiff's legal theory, prepared a corresponding complaint, engaged in paper discovery, and participated in two formal settlement conferences and subsequent intense negotiations with Defendants.  *See* Wells Decl. at ¶¶ 13-23.  This speaks to the skill and efficiency of Class Counsel.

Counsel engaged in significant discussions with Defendants regarding the validity of Plaintiff's claims, which included the review of documents Defendants believed mitigated or eliminated Plaintiff's claims (such as their Tip Credit Notification Form). Further, Defendants produced significant payroll data prior to the second settlement conference, which required Class Counsel to review and analyze and thereby formulate a comprehensive damage model. *See* Wells Decl. at ¶¶ 26-29. Had the Litigation not settled, Class Counsel was prepared to devote substantial additional time and effort to pressing the Settlement Class' claims, including an invariably contested class certification motion.

Therefore, this factor also supports approval of the fee request.

### 5.   The Risk of Nonpayment

Courts have long recognized that there is some degree of risk that attorneys will receive no fee – or at least a fee that does not reflect their efforts – when representing a class, as this risk is inherent when undertaking any contingency fee litigation. *See In re Philips/Magnavox Television Litig.*, No. 09-cv-3072, 2012 WL 1677244, at *18 (D.N.J. May 14, 2012). Despite Class Counsel's significant effort in prosecuting the matter, they remain completely uncompensated for the time they invested and the expenses they advanced. Uncompensated expenditures of this magnitude can severely damage or destroy firms of the relatively small size of the firms of Class Counsel. There can be no dispute that this case entailed substantial risk of nonpayment, supporting the requested fee.

Indeed, if the Settlement was not achieved, there is a very real chance that neither the Settlement Class Members nor Class Counsel would recover anything. Although Plaintiff and Class Counsel strongly believe in the merits of the claims, there are certainly no guarantees that in proceeding, the Litigation would have concluded as favorably as with the Settlement. Defendants are represented by experienced counsel, and had this case proceeded, Defendants

would have aggressively pursued all potential defenses, and likely presented a vigorous opposition to class certification.

Simply stated, this *Gunter* factor is amply satisfied here and further justifies Plaintiff's fee request.

### 6. The Amount of Time Devoted to the Litigation by Class Counsel

Class Counsel has spent 271 hours prosecuting this Litigation on behalf of Plaintiff and the Settlement Class.  *See* Wells Decl. at ¶ 112.  Although Class Counsel consistently sought to keep costs and fees, to a minimum, the Litigation and protracted settlement negotiations required a significant amount of work.  The hours spent on this matter were devoted to, *inter alia*, investigating Plaintiff's potential claims and drafting the class action complaint, reviewing discovery, engaging in settlement conferences before Magistrate Judge Marilyn Heffley, and protracted settlement negotiations (including multiple iterations of key settlement documents). Indeed, it took weeks of additional settlement negotiations between counsel, including numerous conference calls and the exchange and revisions of numerous draft settlement documents, before the Settlement could be agreed to by all Parties.  *See* Wells Decl. at ¶ 33.

Moreover, the hours expended by Class Counsel does not account for the significant work Class Counsel will expend overseeing the Settlement's administration, including the distribution of the Settlement's proceeds.  *See* Wells Decl. ¶¶ 115-116.  This additional work represents a material portion of time that counsel will spend for the Settlement Class that is not reflected in the lodestar calculation reflected above.  *See, e.g., In re Merck & Co. Vytorin ERISA Litig.,* Civil Action No. 08-CV-285 (DMC), 2010 U.S. Dist. LEXIS 12344, at *40 (D.N.J. Feb. 9, 2010)*(*noting "the time dedicated and expenditures incurred do not include costs that will arise immediately in the future, such as the settlement hearing conducted before this Court").

Accordingly, the amount of time devoted by Class Counsel to this Litigation supports the requested fee award. *See, e.g., Rouse v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 49347, *32 (granting fee request where counsel billed a total of 221.45 hours to the case).

### 7. Awards in Similar Cases

The seventh and final *Gunter* factor compares the fee request with fee awards in similar cases. While the Third Circuit has noted that fee awards range from nineteen to forty-five percent of the settlement fund, *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995), courts in this Circuit have routinely awarded 30% of the common fund in cases involving wage and hour claims. *See, e.g., Leap v. Yoshida*, No. 14-cv-3650, 2016 U.S. Dist. LEXIS 57819, *27 (E.D. Pa. Apr. 29, 2016)(finding fee request of 30% reasonable); *Hegab,* 2015 U.S. Dist. LEXIS 28570, *34 (collecting cases and finding "a 30% fee is in line with other wage and hour settlements"); *Lenahan v. Sears, Roebuck & Co.*, No. 02-0045, 2006 U.S. Dist. LEXIS 60307, *64 (D.N.J. July 10, 2006)("fees of approximately 30 percent of the common fund are also regularly awarded in labor and employment class actions").[6]

Despite this, sister courts in this District have awarded higher fee amounts. *See, e.g., Mabry v. Hildebrandt,* No. 14-cv-5525, 2015 U.S. Dist. LEXIS 112137 (E.D. Pa. Aug. 24, 2015)(collecting cases and granting 40% fee award). Indeed, in a wage and hour class action involving, *inter alia,* FLSA and Pennsylvania minimum wage claims, a sister court approved a fee award of 35% of the common fund. *Rouse v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 49347. Notably, the *Rouse* action settled within months of the filing of the complaint. *Id.,* at **4-5. In

---

[6] *See also Esslinger v. HSBC Bank Nevada, N.A.,* No. 10-3213, 2012 WL 5866074, at *14 (E.D. Pa. Nov. 20, 2012) (awarding a 30% fee award and stating that "an average percentage fee recovery in large class action settlements is approximately 30%"), appeal dismissed (Apr. 2, 2013), appeal dismissed (Apr. 12, 2013), appeal withdrawn (Apr. 16, 2013).

awarding the fee request, the *Rouse* court noted that "fee awards ranging from thirty to forty-three percent have been awarded in cases with funds ranging from $400,000 to $6.5 million . . ." *Id.,* at *33 (citing *Lazy Oil Co. v. Witco Corp.,* 95 F. Supp. 2d 290, 342-343 (W.D. Pa. 1990)).[7]

Thus, there is substantial justification for Class Counsel seeking a higher fee request. Nevertheless, as set forth above, Class Counsel are only seeking a thirty percent fee award (inclusive of expenses) – voluntarily reducing their fee request despite the lack of objections to the Settlement Agreement's terms permitting Class Counsel to seek up to one-third of the Settlement Amount *and* reimbursement of out-of-pocket expenses.

Based on the foregoing, this factor strongly militates in favor of granting Class Counsel's fee request.

### C. LODESTAR MULTIPLIER CHECK CONFIRMS THAT THE REQUESTED FEE AWARD IS REASONABLE

The purpose of a lodestar cross-check is to determine whether a proposed fee award is within some reasonable multiple of the lodestar. *See Rite Aid*, 396 F.3d at 309. Here, Class Counsel's lodestar amount of $144,946.00 arises from 271 hours spent prosecuting this matter. *See*, Wells Decl. at ¶ 113. As a preliminary matter, there is no question that Class Counsel's hourly rate is appropriate. Indeed, their rates have been approved by sister courts within this District. *See, e.g., Magness v. Walled Lake Credit Bureau et al*, No. 12-CV-06586 (E.D. Pa.)(Dkt. No. 83). This Court should likewise approve Class Counsel's hourly rate. *See Bonett,* 2003 U.S. Dist. LEXIS 9757, *25 (approving counsel's hourly rate where rates were "consistent with prior awards for this attorney in this district.").

---

[7] Indeed, it has long been established that within the Eastern District, a higher fee award is justified when the common fund is comparatively small. *Ratner v. Bennett*, No. 92-cv-4701, 1996 U.S. Dist. LEXIS 6259 (E.D. Pa. May 8, 1996). In *Ratner*, the court awarded 35% of a $400,000 common fund and a class size of 455 persons, finding class counsel "should not be penalized for undertaking and pursuing this litigation as vigorously as it would a much larger case which promises a more substantial fee award." *Id.,* at *25.

12

Comparing the fee request of $225,000 to Class Counsel's lodestar, it is abundantly clear that the requested fee award is fair, reasonable, and adequate, as it results in a modest multiplier of approximately 1.55 of Class Counsel's lodestar. Courts in this District frequently award fees in common fund cases resulting in multipliers ranging from one to four. *See In re Merck & Co., Inc.*, 2010 U.S. Dist. LEXIS 12344, at *46 ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." (*citing In re Diet Drugs (Phentermine/Flenfuramine/Dexflenfuramine) Products Liab. Litig.*, 582 F.3d 524, 545 n.41 (3d Cir. 2009)); 3 Herbert Newberg & Albert Conte, Newberg on Class Litigations, § 14.03 at 14-5 (3d ed. 1992) (same); *George v. Staples Inc. (In re Staples Inc.)*, No. 08-5746, 2011 U.S. Dist. LEXIS 128601 (D.N.J. Nov. 4, 2011)(approving 2.75 multiplier in FLSA action). As Judge Schiller aptly noted in another wage and hour matter involving both Pennsylvania state claims and FLSA claims, "this case involved an uncertain and complex area of law, which would typically justify a lodestar multiple that accounts for these risks." *In re Janney Montogmery Scott,* 2009 U.S. Dist. LEXIS 60790, **48-49. Here, the risks involved clearly warrant a modest lodestar multiple of 1.55. *See, e.g., Rouse v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 49347, *35 (approving fee request with a lodestar multiplier of 2.08).

Accordingly, Class Counsel's fee request is eminently appropriate as it results in an award with a lodestar multiplier frequently accepted by courts in this Circuit. *See In re Schering-Plough Corp.,* 2012 U.S. Dist. LEXIS 75213, *22 (noting that a 1.6 multiple "is an amount commonly approved by courts of this Circuit").

    **D.**    **THE COURT SHOULD AWARD REIMBURSEMENT OF EXPENSES**

It is black letter law that in a class action, plaintiff's counsel may seek reimbursement of costs as part of a settlement. *See* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the

13

parties' agreement"). Here, Class Counsel are seeking reimbursement of costs incurred in prosecuting this Litigation totaling $572.22.[8] *See* Wells Decl. at ¶144. These expenses reflect the costs typically associated with litigating these types of claims. Notably, this expense request is factored into Class Counsel's fee request, not separate and above its fee request. There is no justification for denying their reimbursement.

### E. THE SERVICE PAYMENT AWARD TO PLAINTIFF IS EMINENTLY REASONABLE

The excellent result in this Litigation could not have been achieved without the substantial efforts of Plaintiff. Here, Ms. Kotchmar prosecuted her claims on behalf of the Settlement Class. She was engaged during the litigation process and provided valuable assistance to Class Counsel, including assisting with the drafting of the complaint, assisting in the review of key material provided by Defendants, and attending one of the settlement conferences. *See* Wells Decl. at ¶ 150; *see also* Declaration of Tianna Kotchmar. In so doing, Plaintiff was integral in all phases of this Litigation. She devoted time and effort to the Lawsuit, and as a result of her efforts, and those of Class Counsel, a substantial benefit was conferred to the Settlement Class.

Accordingly, and in recognition of the substantial benefit she conferred on the Settlement Class and her efforts generally, a modest Service Payment award of $5,000.00 to Plaintiff is entirely appropriate. This request is in-line with similar enhancement awards in analogous actions. *See, e.g., Leap v. Yoshida*, No. 14-cv-3650, 2016 U.S. Dist. LEXIS 57819, *27 (E.D. Pa. Apr. 29, 2016)(approving $5,000 service award to plaintiff); *Moore v. Comcast Corp.*, 2011 U.S. Dist. LEXIS 6929 at *16, 17 (E.D. Pa. Jan. 24, 2011)(approving an incentive award in the amount of $10,000); *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Prac. Litig.*, 263 F.R.D. 226, 245 (E.D. Pa. 2009) (approving up to $10,500 as enhancements awards). As with

---

[8] Importantly, Class Counsel are not seeking costs incurred regarding this motion, nor any post hearing costs.

the other requests, no Settlement Class Member has objected to Plaintiff's requested Service Payment award.

Accordingly, Plaintiff respectfully submits that the Service Payment Award is exceedingly reasonable and should be approved.

## III. CONCLUSION

For all of these reasons, Plaintiff respectfully requests the Court grant Class Counsel's fee request in amount of $225,000.00, which includes reimbursement of expenses in the amount of $572.22. In addition, Class Counsel also requests the Court grant a Service Payment award in the amount of $5,000.00 to Plaintiff.

Dated: May 25, 2016

Respectfully submitted,

**CONNOLLY WELLS & GRAY, LLP**

By: /s/ *Gerald D. Wells, III*
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

**KALIKHMAN & RAYZ, LLC**
Eric Rayz, Esquire
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

*Counsel for Plaintiff and the Proposed Settlement Class*