UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIANNA KOTCHMAR, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MOVIE TAVERN PARTNERS, LP; SOUTHERN THEATERS, LLC; and DOE DEFENDANTS 1-10,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 2:15-cv-04061 |

## **FINAL APPROVAL ORDER AND JUDGMENT**

Upon consideration of the Parties' request for final approval of the Joint Stipulation of Settlement and Release Agreement ("Settlement Agreement") between Plaintiff, Tianna Kotchmar ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendants Movie Tavern, Inc. ("Movie") and Southern Theaters, LLC ("Southern") (collectively "Movie Tavern" or "Defendants"), the Court orders and finds as follows:

1.　　Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.　　This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and Defendants.

3.　　The Court determines that the Plaintiff is asserting claims on behalf of herself and the Settlement Class for violations of applicable wage laws, including the Pennsylvania

1

Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), and the Fair Labor Standards Act ("FLSA").

4. The Court determines that the Settlement, which includes the payment of Seven Hundred Fifty Thousand U.S. Dollars, $750,000.00, on behalf of Defendants ("Settlement Amount"), has been negotiated vigorously and at arm's length by and between Class Counsel and Defendants' Counsel under the supervision of the Honorable Magistrate Judge Marilyn Heffley. The Court further finds that at all times the Plaintiff has acted independently and that the Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class in connection with the Litigation and the Settlement. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5. The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the Settlement Agreement, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. The Class Notice, along with the posting of the Class Notice on the website identified in the Class Notice and the posting of the Class Notice in the Theaters, provides valid, due and sufficient notice of the Final Approval Hearing and of the other matters set forth therein, including the terms of the Settlement Agreement and the Settlement, and thus the Class Notice has satisfied the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

6. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court previously certified a Settlement Class consisting of: Any current or former Tipped Employee employed by Defendants within the

Commonwealth of Pennsylvania who worked one or more calendar weeks during the period of time between July 23, 2012 and December 31, 2015 for which he or she worked without having signed a Tip Credit Notification Form prior to that calendar week, who did not otherwise exclude themselves per the terms of the Settlement Agreement. No evidence has been submitted to the Court that alters the Court's determination that certification of the Settlement Class is appropriate. As such, the Court hereby approves the maintenance of the Litigation as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). In addition, pursuant to Federal Rule of Civil Procedure 23(g), the Court also hereby appoints the Plaintiff as the representative of the Settlement Class and Kalikhman and Rayz, LLC and Connolly Wells & Gray, LLP as Class Counsel.

7. On _____, 2016, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are those persons, identified in Exhibit "A" hereto, who timely and validly submitted a Request for Exclusion.

8. The Court has duly considered and rejected any objections to the Settlement Agreement that were filed. The Court specifically considered each objection and points raised therein. Upon consideration of the objections, the Court holds that no objection raises the types of issues that prevent approval of the Settlement embodied in the Settlement Agreement.

9. The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Settlement Agreement submitted by the Parties, including the Release of Claims set forth in Section 5 of the Settlement Agreement.

10. Based on the Settlement, the Court hereby dismisses the Complaint and the Litigation against Defendants with prejudice on the merits and judgment is entered pursuant to Federal Rule of Civil Procedure 54(b).

11. As of the Effective Date, all release provisions within the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions including the Release of Claims set forth in the Settlement Agreement. As set forth in the Settlement Agreement, only Participating Settlement Class Members are deemed to have released their claims under the Fair Labor Standards Act.

12. Class Counsel are hereby awarded attorneys' fees in the amount of _____ (the "Attorneys' Fees"). The Attorneys' Fees have been determined by the Court to be fair, reasonable, and appropriate. No other fees may be awarded to Class Counsel in connection with the Settlement Agreement absent subsequent Order of this Court. Attorneys' Fees shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

13. Class Counsel are hereby awarded reimbursement of expenses in the sum of _____ (the "Attorneys' Expenses"). The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to Class Counsel in connection with the Settlement Agreement absent subsequent Order of this Court. Attorneys' Expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

14. The Court hereby further finds that the administrative expenses incurred by the Claims Administrator in administering this Settlement are necessary and reasonable.

Accordingly, the Court hereby orders all such expenses to be paid in accordance with the terms of the Settlement Agreement.

15. The Plaintiff is hereby awarded a Service Payment in the amount of _____. The Service Payment has been determined by the Court to be fair, reasonable, and appropriate. The Service Payment shall be paid to Plaintiff in accordance with the terms of the Settlement Agreement. The Plaintiff is also eligible for a share of the payment from the Settlement Amount as a member of the Settlement Class. Other than these payments, no other award shall be awarded to the Plaintiff in connection with the Settlement Agreement.

16. Defendants are hereby ordered to pay all other amounts as set forth in the Settlement Agreement.

17. No other amounts, not otherwise set forth in this Order, authorized by this Court or permitted or required under the Settlement Agreement, shall be paid from the Settlement Amount.

18. The Court finds that the distribution of the Settlement Amount to Participating Settlement Class Members as submitted by the Parties is approved as fair, reasonable, and adequate. The Settlement Amount shall be distributed in accordance with the terms set forth in the Settlement Agreement.

19. In the event that the Settlement Agreement is terminated in accordance with its terms, this Order and Judgment shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the execution of the Settlement Agreement. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

20. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

21. The Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**SO ORDERED**

BY THE COURT:

_____
**MARK A. KEARNEY, U.S.D.J.**