## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIANNA KOTCHMAR** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 15-4061** |
| | : | |
| **MOVIE TAVERN PARTNERS, LP** *et al.* | : | |

### ORDER

**AND NOW**, this 24th day of June 2016, upon consideration of Plaintiff's unopposed Motion for Final Approval of Class and Collective Action Settlement, Certification of Settlement Class, Award of Attorneys' Fees, Reimbursement of Expenses, and Service Payment to Plaintiff (ECF Doc. No. 39), the Declaration of Gerald D. Wells, III in support of Plaintiff's Motion for Final Approval of Class and Collective Action Settlement (ECF Doc. No. 40), the Joint Stipulation of Settlement and Release ("Settlement Agreement") (ECF Doc. No. 40-1), the Plaintiff's Supplemental Submission detailing, among other things, results of notice and anticipated distribution (ECF Doc. No. 41), after hearing extended argument and evaluating the credibility of evidence at a noticed Hearing on Final Approval, and with no objections to the settlement, it is **ORDERED** Plaintiff's unopposed Motion (ECF Doc. No. 39) is **GRANTED** upon finding:

     1.     We have jurisdiction over the subject matter and over all parties under 28 U.S.C. §1331, 29 U.S.C § 216(b) and 28 U.S.C. §1367(a), including over all members of the Settlement Class.[1]

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as defined by the Joint Stipulation of Settlement and Release Agreement (ECF Doc. No. 40-1).

2.     The Court determines the Plaintiff is asserting claims for herself and the Settlement Class for violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").

3.     The following class is certified pursuant to Fed.R.Civ.P. 23(b)(3):

Any current or former Tipped Employee employed by Defendants within the Commonwealth of Pennsylvania who worked one or more calendar weeks during the period of time between July 23, 2012 and December 31, 2015 for which he or she worked without having signed a Tip Credit Notification Form prior to that calendar week. Excluded from this Settlement Class are all persons who submit a timely and valid Request for Exclusion.

4.     The Parties and the Claims Administrator represented approximately 48.84% of the putative Settlement Class filed claims, consisting of 378 of the 782 putative Settlement Class Members seeking to participate in the settlement and eight (8) individuals excluded themselves from the settlement.

5.     The Claims Administrator represents the average award for participating Settlement Class Members is $882.86, with the highest award of $8,656.86 and a median award of $445.23 calculated in accord with the approved calculations.

6.     After applying each of the factors reaffirmed by our Court of Appeals in *In re Warfarin Sodium Antitrust Litigation*[2], we approve the Settlement Agreement and find the

---

[2]   391 F.3d 516 (3d Cir. 2004). When determining whether a proposed class action settlement is fair, reasonable, and adequate, we consider nine factors: "(1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Id.* at 534-35 (citing *Girsh v.*

settlement is fair, reasonable, and adequate to all members of the Settlement Class.

      7.     The Settlement Class satisfies Fed. R. Civ. P. 23(a), is maintainable under Rule 23(b)(3), and satisfies the requirements to be maintainable as a collective action under 29 U.S.C § 216(b). We certify the Settlement Class for purposes of settlement of this action only.

---

*Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975)). Applying these factors, we find this matter, like several wage and hour litigations, poses risk given the complexity of calculating damages and liability for "tipped" employees in transient labor market of persons working in a movie theatre. The costs of continued litigation, considering Plaintiff's counsel's representation at the Final Hearing of the contentious nature of this litigation, weigh in favor of settlement. Over forty-eight percent (48%) of the putative Settlement Class filed claims with eight (8) persons opting out. To reach settlement, the Parties engaged in discovery, including Defendants' production of payroll records which the Parties analyzed and calculated to arrive at a damages calculation used in settlement negotiations with Judge Heffley. On the fourth and fifth factors, counsel represented the contentious nature of this litigation, proof of liability would require an independent and individual analysis for each putative Class Member at Defendants' Movie Tavern locations in Pennsylvania, and Defendants argued they complied with tip credit notice requirements. We find these considerations weigh in favor of settlement. Similarly, we find there are risks to maintaining the class action through trial for the reasons already considered. There is no evidence in the record regarding Defendant's ability to pay (the seventh factor), and Plaintiff concedes she "does not believe Defendant's ability to pay was an issue in the settlement negotiations," rendering this factor neutral. We find this factor neutral. The final two *Girsh* factors "evaluate whether the settlement represents a good value for a weak case or a poor value for a strong case," focusing on the reasonableness of the settlement. *Id.* at 538. The settlement here represents fifty percent (50%) of the total damages sustained by the Settlement Class, and the Parties represented Defendant implemented "proactive measures to ensure all Tipped Employees understand Defendants' compensation structure, including the tip credit, and to ensure all Tipped Employees are aware that Defendants have always sought to comply with the tip credit notification provisions." Memorandum in Support of Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement and Certification at 27 (ECF Doc. No. 39-1). At the Final Approval Hearing, Plaintiff's counsel represented these awards are based on a formula accounting for each Settlement Class member's hours worked times their hourly rate. The Claims Administrator expects final calculations to increase based on Class Member participation in the Settlement, Class Counsel's reduced fee, and lower than expected expenses. *See* Declaration of Brian Devery at ¶ 24 (ECF Doc. No. 41-2). Considering "the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement" to determine reasonableness of the settlement, we find it reasonable. *In re Warfarin*, 391 F.3d at 538 (citation omitted).

8.     The Notice approved by this Court and provided to all members of the Settlement Class, including through a website, initial mailings of approved Notice and supplemental email notice to known email addresses adequately informed the class members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the June 24, 2016 Final Approval Hearing. We find the Class Notice satisfied Fed. R. Civ. P. 23 (e)(1)(B).

9.     The Claims Administrator received and processed 410 claim forms, including accepting three late claim forms.

10.    No putative Settlement Class Member objected to the Settlement.

11.    No members of the Settlement Class attended the June 24, 2016 Final Approval Hearing, notice of which was included in the Class Notice, to raise objections, advance questions, or oppose the settlement.

12.    Connolly Wells & Bray, LLP and Kalikhman & Rayz, LLC ("Class Counsel") are awarded $225,000, including its costs, representing a thirty percent (30%) contingent fee constituting a fair and reasonable fee for its time and costs incurred in the prosecution of this litigation.

a.     Counsel conducted extensive investigation, research, focused discovery and evaluated respective risks of further litigation, including the risk of decertification of the preliminarily certified class, additional costs, and delay associated with further prosecution of this action. The parties reached the Agreement as a result of intensive, arms-length negotiations, including mediation with Judge Heffley of this Court.

b.     As a cross-check, Class Counsel's lodestar amount of $144,946.00 arises from 271 hours of effort, at its normal and reasonable hourly rates, and this award will be paid

4

from the Settlement Amount at the time of distribution to Class Members, in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement. We find the multiplier of 1.55 is proper given the risks in this litigation, contentious disputes on recovery and the settlement addressing a possible payment to all Settlement Class members.

        c.      Class Counsel also reduced its requested and noticed contingent fee of thirty-three percent (33%) to thirty percent (30%) even though no Class Member objected to the higher percentage.

13.     The Claims Administrator, Angeion Group, shall be awarded no more than $30,089 for fair and reasonable fees and expenses incurred in the administration of the settlement to be paid from the Settlement Amount.

14.     The Claims Administrator may destroy all hard copy claims one (1) year after final distribution of all funds held by it, and all electronic data may be destroyed three (3) years after final distribution of all funds held by it.

15.     Upon review of her Declaration in support of the Final Approval and specifically describing under oath her consistent diligent efforts and light of apprehension and fear of suing her employer (ECF Doc. No. 40-3), we find a $5,000 Service Payment from the Settlement Amount as specified in the Agreement and Class Notice, and with no objection, is approved for the Class Representative Tianna Kotchmar.[3]

16.     We find and determine payments to the members of the Settlement Class, as provided in § 4.12 of the Settlement Agreement and to be paid by the Claims Administrator within sixty (60) days of this Order or, if appealed, fifteen (15) days after a final Order, are fair,

---

[3] The Defendant and no Class Member, after specific notice, objected to this payment.

of any kind, nature, and character whatsoever in law, equity, or otherwise, unknown or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed, against Defendant, arising out of, related to, connected with, or based in whole or in part to any  facts, transactions, occurrences, representatives, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter.

      20.    We retain jurisdiction to enforce our Order.


KEARNEY, J.

7